NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHDEV SINGH, | No. 25-2569 |
| Petitioner, | Agency No. A209-939-673 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2025[**]
San Francisco, California

Before: R. NELSON, COLLINS, and VANDYKE, Circuit Judges.

Petitioner Sukhdev Singh seeks review of the Board of Immigration Appeals'

(BIA) decision dismissing an appeal from a decision by an Immigration Judge (IJ),

which denied Singh's applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT). We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We deny the petition.

We review the decision of both the BIA and the IJ to the degree that the BIA cites the IJ's conclusions. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019). We review the agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). A factual finding "is not supported by substantial evidence when any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record." *Id.* (cleaned up).

1. Substantial evidence does not compel us to reverse the agency's adverse credibility finding. "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005)). Although this standard is deferential, the IJ must still "state explicitly the factors supporting his or her adverse credibility determination." *Id.* at 1042.

The IJ did so here. The IJ stated explicitly the factors supporting his adverse credibility decision: Petitioner's inconsistency between different testimonies, the implausibility of a few aspects of Petitioner's claims, and the lack of persuasive corroborative evidence. By largely repeating the arguments made before the BIA, Petitioner has not demonstrated the "extraordinary circumstances" required to justify

2 25-2569

overturning an adverse credibility determination. In this case, failure to overcome an adverse credibility determination means the Petitioner has "failed to establish eligibility for asylum" and withholding of removal. *Berroteran-Melendez v. INS*, 955 F.2d 1251, 1257–58 (9th Cir. 1992).

2. While an adverse credibility finding does not automatically doom a CAT claim, Petitioner has also failed to present any claim that he was eligible for CAT relief independent of the incredible evidence he submitted in support of asylum and withholding. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003) ("In this case . . . [Petitioner's] claims under the Convention Against Torture are based on the same statements . . . that the BIA determined to be not credible."). We therefore deny the petition for review.

**DENIED.**